UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN ASSOCIATION OF PETROLEUM GEOLOGISTS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 05-CV-0733-CVE-SAJ ) |
| C & C RESERVOIRS, INC. and SHAQ QING SUN, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for an Extension of Time to Effectuate Service on Defendant Sun (Dkt. # 8). Defendant C & C Reservoirs, Inc. objects to plaintiff's request and has filed a response (Dkt. # 16).

### I.

Plaintiff filed this lawsuit on December 28, 2005, alleging that defendants infringed copyrights held by the American Association of Petroleum Geologists. Defendant C & C Reservoirs, Inc. ("C & C) was served on April 11, 2006 and has filed an answer. However, plaintiff has not served defendant Shaq Qing Sun ("Sun"). Early on, plaintiff learned that Sun is a citizen of China. Plaintiff attempted to serve Sun at his Houston, Texas home, but no one was residing at that address when plaintiff's process server visited Sun's home to personally serve Sun.[1] Plaintiff

---

[1] The Court's statement of facts is taken from plaintiff's motion (Dkt. # 8). In defendant C & C's response, C & C bases its objections to plaintiff's motion on the argument that good cause does not exist, even if the Court accepts plaintiff's rendition of the facts as true, but C & C does not dispute plaintiff's statement of the facts.

next attempted to serve Sun at C & C's corporate offices, where Sun's secretary, Rena Yan, told plaintiff that Sun was going to remain in China until July or August. Yan contacted Sun to determine how plaintiff could serve him, and Yan informed plaintiff that C & C's attorneys would accept service of the complaint on Sun's behalf. C & C's attorney's refused to accept service for Sun and plaintiff claims it has no way to serve Sun until he returns to the United States in July or August.

The Federal Rules of Civil Procedure require a plaintiff to serve each defendant within 120 days of filing the complaint, or the Court must dismiss the plaintiff's claim against any defendant that has not been served or permit the plaintiff to serve the defendant within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff can show "good cause" for failing to serve the defendant within 120 days, the court shall allow the plaintiff additional time to effect service. The Tenth Circuit has created a two-step analysis to assist district courts when considering whether to grant a plaintiff's request for additional time:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Excuses for failing to serve a party, such as inadvertence, omission, or neglect, do not constitute good cause. In re Kirkland, 86 F.3d 172, 175 (10th Cir. 1996); Cox v. Sandia Corp., 941 F.2d 1124, 1125-26 (10th Cir. 1991). A court must consider plaintiff's argument to show good cause and make specific findings on those arguments or the district court's decision to deny additional time to effect service is "merely abuse

of discretion and inconsistent with the spirit of the Federal Rules." ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir. 1995).

## II.

Based on the arguments offered by both parties, plaintiff has shown good cause for its failure to serve Sun within 120 days. C & C believes that Sun will inevitably be dismissed and that allowing plaintiff additional time to serve Sun would be futile.[2] That issue is not before the Court.[3] The Court must first decide whether plaintiff has shown good cause for an extension of time to serve Sun. Although it appears that plaintiff could have initiated its attempts to serve Sun earlier, plaintiff encountered several unexpected roadblocks in its attempt to serve a foreign citizen. Sun directed plaintiff to serve his attorneys in Dallas, while his attorneys expressly denied they were authorized to accept service for Sun. Plaintiff tried to serve Sun at his residential address and his corporate address, only to learn that Sun was not in the United States. C & C does not offer any alternative means of service that plaintiff could have utilized to serve Sun. Given that the reasons for the delay in this case -- that Sun can not be served within the United States, is beyond plaintiff's control, and that neither Sun nor his attorneys have agreed to accept service within the United States -- it would be unjust to penalize plaintiff for failing to serve Sun within 120 days.

---

[2] C & C contends that Sun will inevitably be dismissed for lack of personal jurisdiction and that plaintiff has failed to state a claim against him. C & C does not have standing to argue on behalf of an absent defendant who has not entered an appearance in this case.

[3] The Court has located two Tenth Circuit opinions discussing futility in the context of granting plaintiffs a chance to correct "insufficient service," suggesting that futility of service could be raised by Sun if he had filed a timely objection to the method of service. See Pounds v. Dep't of Interior, 9 Fed. Appx. 820, 821 n.2 (2001); Gregory v. United States, 942 F.2d 1498, 1500 (10th Cir. 1991). However, in both cases the argument was raised by the defendant asserting that service was deficient. These cases are not applicable.

3

The Court finds that plaintiff has shown good cause for failing to serve Sun within 120 days. However, that does not mean that plaintiff will have an indefinite period of time to serve Sun. Although it may be more difficult, plaintiff may have to serve Sun using the methods allowed under Fed. R. Civ. P. 4(f) if Sun does not return to the country within a reasonable time. Therefore, to balance the competing interests of timely resolution of lawsuits and fairness to the plaintiff, the Court will allow plaintiff until August 15, 2006 to serve Sun.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for an Extension of Time to Effectuate Service on Defendant Sun (Dkt. # 8) is **granted**. Plaintiff must serve defendant Sun by August 15, 2006.

**DATED** this 6th day of June, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT